IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

GARY ALLEN WESTWELL,                              Civ. No. 6:26-cv-00644-AA

              Plaintiff,                        **OPINION & ORDER**

      v.

AUSTIN WILSON; CASIE MANN;
CAPTAIN DAVIS; CITY OF SUNRIVER;
DESCHUTES COUNTY,

              Defendants.

_____

AIKEN, District Judge.

This matter comes before the Court on a Motion to Dismiss filed by Defendant City of Sunriver.  ECF No. 8.  The Court concludes that this motion is appropriate for resolution without oral argument.  For the reasons set forth below, the motion is GRANTED.

## LEGAL STANDARD

To survive a motion to dismiss under the federal pleading standards, a pleading must contain a short and plain statement of the claim and allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a pleading does not require "detailed factual allegations," it needs more than "a formulaic recitation of the elements of a cause of action." *Iqbal*,

556 U.S. at 677-78. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 678. Legal conclusions without any supporting factual allegations do not need to be accepted as true. *Id*.

## BACKGROUND

Defendants Austin Wilson, Casie Mann, and Captain Davis are police officers employed by Defendant City of Sunriver. Compl. ¶¶ 3-5. ECF No. 1-1.

Self-represented Plaintiff Gary Allen Westwell alleges that, during a traffic stop, he was arrested by Wilson and Mann for DUII on February 15, 2025. Compl. ¶¶ 16-35. Plaintiff alleges that Mann placed him in handcuffs, which were set excessively tight and caused Plaintiff injury. *Id*. ¶ 24. Plaintiff alleges that the police unlawfully searched his car. *Id*. ¶ 25.

After his arrest, Plaintiff was transported to a Deschutes County facility where he submitted to a breathalyzer, which yielded a 0.00% BAC. Compl. ¶¶ 26-28. Plaintiff declined to provide a urine sample. *Id*. ¶ 29. Mann sought a warrant for the collection of Plaintiff's blood, but the warrant application was rejected by the reviewing judge. *Id*. ¶ 30-31. Plaintiff was cited and transported home. *Id*. ¶¶ 32, 34.

Plaintiff was charged with DUII and Failure to Provide a Urine Sample, but the Deschutes County District Attorney dismissed the charges on April 14, 2025. Compl. ¶ 35.

Plaintiff initially filed this case in Deschutes County Circuit Court and the City of Sunriver removed the case to federal court.  ECF No. 1.

## DISCUSSION

Plaintiff bring claims for (1) false arrest and false imprisonment under Oregon law; (2) unlawful search and seizure under the Oregon Constitution; (3) malicious prosecution under Oregon law; (4) negligence under Oregon law; (5) unlawful search and seizure, false arrest, and malicious prosecution in violation of his Fourth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983; and (6) assault and battery under Oregon law.

Defendant City of Sunriver ("the City") moves to substitute the City as the Defendant on all state law claims and moves to dismiss Plaintiff's state law claims for failure to provide timely tort claim notice.  The City does not otherwise move to dismiss the Complaint.  In his Response, ECF No. 11, Plaintiff asserts that he has pleaded the elements of each of his claims and makes arguments concerning criminal discovery and *Brady* violations, neither of which are raised in the City's motion. Plaintiff does not substantively respond to the issues raised in the City's Motion.

## I.    Substitution of the City as Defendant

The City moves to substitute itself in place of the individual Defendants on all state law claims pursuant to ORS 30.265(2), which provides:

> The sole cause of action for a tort committed by officers, employees or agents of a public body acting within the scope of their employment or duties and eligible for representation and indemnification under ORS 30.285 or 30.287 is an action under ORS 30.260 or 30.300. The remedy provided by ORS 30.260 or 30.300 is exclusive of any other action against any such officer, employee or agent of a public body whose act or omission within the scope of the officer's, employee's or agent's employment or duties gives rise to the action. No other form of civil action is permitted.

ORS 30.265(2).

In addition, ORS 20.265(3) provides that if an action under ORS 30.260 to 30.300 alleges damages "in an amount equal to or less than the damages allowed" under ORS 30.272, "the sole cause of action for a tort committed by officers, employees or agents of a public body acting within the scope of their employment or duties and eligible for representation and indemnification under ORS 30.285 or 30.287 is an action against the public body." ORS 30.265(3). Upon motion, the court "shall substitute the public body as the defendant." *Id.*

Under ORS 30.272, the amount of damages available is $855,200. ORS 30.272(2)(g), (4); *see also* Oregon Tort Claims Act—Annual Adjustments of Limits on Liability, *available at* https://www.courts.oregon.gov/Documents/Tort-Claims-Table-of-Liability-Limits.pdf (last accessed June 26, 2026) (setting forth the limitation for a claim against a local public body for personal injury arising between July 1, 2024, and July 1, 2025).

"Thus, when a public employee commits tortious conduct within the course and scope of their employment, the only proper claim is against the public body." *Dillon v. Clackamas Cnty.*, Case No. 3:25-cv-02017-AB, 2026 WL 674187, at *5 (D. Or. Mar.

10, 2026). Here, Plaintiff alleges that each of the individual Defendants was an employee of the City and that they were "at all relevant times . . . acting under color of state law and within the course and scope of [his or her] employment." Compl. ¶¶ 3-5. In addition, Plaintiff seeks damages in the amount of $700,000, Compl. at 5, which is less than the damages allowed by ORS 30.272.

Pursuant to ORS 30.265(2) and (3), the City must be substituted as the Defendant for Plaintiff's state law claims. The City's Motion to Substitute is GRANTED and the City is substituted in place of Defendants Wilson, Mann, and Davis on all state law claims.

## II.    Tort Claim Notice

The City moves to dismiss Plaintiff's state law claims for failure to provide timely tort claim notice. The Oregon Tort Claims Act ("OTCA") requires plaintiffs seeking to file claims against an Oregon public body or its employees to provide notice of that "within 180 days after the alleged loss or injury." ORS 30.275(2)(b). "Failure to give timely notice is fatal to a plaintiff's tort claims against a public body." *Denucci v. Henningsen*, 248 Or. App. 59, 66 (2012). A plaintiff may satisfy the notice requirement by providing "formal notice," "actual notice," or by "[c]ommencement of an action on the claim by or on behalf of the claimant within the applicable period of time." ORS 30.275(3)-(6).

Here, Plaintiff was arrested on February 15, 2025. Compl. ¶¶ 16-34. Plaintiff's charges were subsequently dismissed on April 14, 2025, "thereby terminating the criminal proceedings in Plaintiff's favor." *Id.* ¶ 35.

Courts may properly consider OTCA tort claim notice letters in ruling submitted as exhibits in support of a motion to dismiss when the plaintiff pleads compliance with the OTCA and the authenticity of the letter is not disputed. *T.L. ex rel. Lowry v. Sherwood Charter Sch.*, No. 03:13-CV-01562-HZ, 2014 WL 897123, at *15 n.2 (D. Or. Mar. 6, 2014). Here, the City has supplied the Court with Plaintiff's tort claim letter, Plass Decl. Ex. 1, which shows that Plaintiff provided tort claim notice on 11:11 a.m. on January 12, 2026. Plaintiff did not object to the submission of the letter or dispute the letter's authenticity. The Court will consider the tort claim letter as incorporated by reference in the Complaint. However, even if the Court were not to consider the tort claim letter, the Complaint affirmatively alleges that Plaintiff did not provide tort claim notice within 180 days. Compl. ¶¶ 11-12.

In the Complaint, Plaintiff asserts that his failure to provide timely notice is excusable because he did not discover his injury until he received "exculpatory evidence" on December 31, 2025. Compl. ¶ 14. Plaintiff also asserts that the City had actual notice "from the moment of the arrest." *Id.* ¶ 15.

Under Oregon's discovery rule, courts toll the OTCA notice requirement until "a plaintiff has a reasonable opportunity to *discover his injury* and the identity of the party responsible for that injury." *Doe 1 v. Lake Oswego Sch. Dist.*, 353 Or. 321, 327 (2013) (internal quotation marks and citation omitted, emphasis in original). The discovery rule "does not require *actual* discovery or knowledge of the claim but, instead, imputes to the plaintiff a level of knowledge that an exercise of reasonable care would have disclosed." *Johnson v. Multnomah Cnty. Dep't of Cmty. Just.*, 344

Or. 111, 118 (2008) (emphasis in original). "An injury is 'discovered' when a plaintiff knows, or should have known, of a substantial possibility that three elements exist: (1) harm; (2) causation; and (3) tortious conduct." *Dickson v. TriMet*, 289 Or. App. 774, 779 (2018).[1] "However, the limitations period is not tolled until a plaintiff knows the full extent of the harm that has been inflicted or becomes aware of the legal implications of facts, rather than of the facts themselves." *Id.* (internal quotation marks and citation omitted). "[I]f a plaintiff knows that he or she suffered some harm and knows that it is the result of tortious conduct, an argument that the plaintiff did not know the full extent of the harm or that those facts had legal significance will be of no avail." *Id.* (quoting *Doe 1*, 353 Or. at 335). "In order words, the notice of claim period does not commence to run, under the discovery rule, until a plaintiff knows or in the exercise of reasonable care should know, that he or she has been injured and there is a substantial possibility that the injury was caused by an identified person's tortious conduct." *Johnson*, 344 Or. at 118.

Here, Plaintiff knew that he had been arrested by the named police officers; that he had been placed in handcuffs that were allegedly too tight; and that the police searched his car on the night of February 15, 2025. He knew that his charges were dismissed on April 14, 2025. Plaintiff was aware of the harm, the causation, and the tortious conduct related to the arrest by February 15, 2025, and for the conduct related to the malicious prosecution claim by April 14, 2025, at the latest. There was

---

[1] The element of tortious conduct encompasses "the probable identity of the tortfeasor," because "someone, after all, must have carried out the 'conduct.'" *Johnson v. Multnomah Cnty. Dep't of Cmty. Just.*, 344 Or. 111, 118 n.2 (2008).

nothing more to discover for the purposes of OTCA notice.  The OTCA clock began to run on those dates and it is clear from the plain allegations of the Complaint that Plaintiff did not provide timely notice.  *See* Compl. ¶¶ 12, 14 (acknowledging that Plaintiff did not provide notice within 180 days).  This is confirmed by the tort claim letter submitted by the City.

Turning to Plaintiff's allegation that the City had actual notice of the claim at the time of the arrest, actual notice "is a communication that (1) allows the recipient to acquire 'actual knowledge of the time, place and circumstances' that give rise to the specific claim or claims that the plaintiff ultimately asserts; and (2) would lead a reasonable person to conclude that the plaintiff has a general intent to assert *a* claim."  *Flug v. Univ. of Oregon*, 335 Or. 540, 554 (2003) (emphasis in original).  Plaintiff does not allege any such communication but instead claims that the City had knowledge based on the events themselves.  Compl. ¶ 15.  This does not meet the standard for actual notice.

In sum, the Court concludes that Plaintiff failed to provide timely tort claim notice as required by the OTCA, which is fatal to Plaintiff's state law claims.  The City's Motion is therefore GRANTED and Plaintiff's state law claims against the City are DISMISSED.[2]

---

[2] Plaintiff has also alleged state law claims against Deschutes County which is, like the City, a public body.  However, the County has not appeared in the case and it is not clear from the docket whether the County has been served.

## CONCLUSION

For the reasons set forth above, the Motion to Dismiss, ECF No. 8, is GRANTED. Defendant City of Sunriver is substituted as defendant in place of Defendants Austin Wilson, Casie Mann, and Captain Davis for each of Plaintiff's state law claims. Following substitution, the state law claims against Defendant City of Sunriver are DISMISSED for failure to provide timely notice as required by OTCA.

It is so ORDERED and DATED this ____26th____ day of June 2026.

/s/Ann Aiken
ANN AIKEN
United States District Judge